11-4478-cv
Noel v. BNY-Mellon Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 14th day of March, two thousand thirteen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                     *Circuit Judges*.
_____

BEVERLY NOEL,

                     *Plaintiff-Appellant*,

          -v-                                          11-4478-cv

BNY-MELLON CORPORATION,

                     *Defendant-Appellee*.
_____

Appearing for Appellant:        Nkereuwem Umoh, Umoh Law Firm, PLLC, Brooklyn, NY

Appearing for Appellee:         Neal Kumar Katyal, Hogan Lovells, Washington, DC
                                (Elizabeth Barchas Prelogar, Hogan Lovells, Washington,
                                DC; Kenneth Kirschner, Vi T. Vu, Hogan Lovells, New
                                York, NY, *on the brief*)

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant, Beverly Noel seeks review of the judgment of the district court, dated October 4, 2011, granting summary judgment to BNY-Mellon Corporation ("BNY-Mellon") on her failure to accommodate and retaliation claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011). "Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) (internal quotation marks omitted). Where the moving party demonstrates "the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), the non-moving party must then present specific evidence demonstrating a genuine dispute, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The federal regulations implementing the ADA require that both the employee and the employer engage in an "interactive process" to "identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." 29 C.F.R. § 1630.2(o)(3). As the district court found, Noel abandoned this interactive process and cannot, therefore, recover on her claim for a failure to accommodate. The NYSHRL and the NYCHRL also require participation in such an interactive process to sustain a failure to accommodate claim, *see Romanello v. Intesa Sanpaolo S.p.A.*, 949 N.Y.S.2d 345, 348 (1st Dep't 2012), and Noel is likewise unable to maintain a claim under these enactments. In any event, Noel has failed to show a genuine issue of fact as to the final element of the prima facie case for failure to accommodate: that the employer "refused to make" the requisite accommodations. *Stone v. City of Mount Vernon*, 118 F.3d 92, 97 (2d Cir. 1997). The record reflects not only that BNY agreed in 2008 to accommodate Noel but also that it renewed the offer in February 2009 if Noel were offered a new position at BNY-Mellon, which she did not pursue.

Claims for retaliation under the ADA "are analyzed under the same burden-shifting framework established for Title VII cases." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002). First, the burden lies on the plaintiff to establish a prima facie case of retaliation. *Id.* Once the prima facie case has been made, the burden shifts to the employer to "articulate a legitimate, non-retaliatory reason for the challenged employment decision." *Id.* at 721. Once this showing has been made, the burden shifts back to the plaintiff to "point to evidence that would be sufficient to permit a rational factfinder to conclude that the employer's explanation is merely a pretext for impermissible retaliation." *Id.* (quoting *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir. 2001)). Assuming Noel made out her prima facie case, the burden shifted back to BNY-Mellon, which then proffered a legitimate non-retaliatory reason for her dismissal, based upon her failure to apply for an open position with the company. Noel has failed to make any showing from which a reasonable jury could conclude that BNY-Mellon's offered explanation was pretextual. Therefore, Noel cannot maintain her retaliation claim.

2

Noel is correct to argue that the NYCHRL has been amended to "abolish the 'parallelism' between the [NYCHRL] and federal and state anti-discrimination law," *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009), and that under the NYCHRL, a plaintiff need not have suffered a "materially adverse change in the terms and conditions of employment" to establish a prima facie case of retaliation, *see* N.Y.C. Admin. Code § 8-107(7). None of this is relevant, however, since we have assumed that Noel made out her prima facie case even under the more restrictive federal standard.

We have considered Noel's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3