16-5-cv
*Martinez v. Mount Sinai Hospital*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of November, two thousand sixteen.

Present:
>            RICHARD C. WESLEY,
>            DEBRA ANN LIVINGSTON,
>            CHRISTOPHER F. DRONEY,
>                 *Circuit Judges*.

_____

DONNA MARTINEZ,

>            *Plaintiff-Appellant*,

>      v.                                                        16-5-cv

MOUNT SINAI HOSPITAL, AKA MOUNT
SINAI MEDICAL CENTER,

>            *Defendant-Appellee*.

_____

For Plaintiff-Appellant:              DAVID ABRAMS, New York, N.Y.

For Defendant-Appellee:           RORY MCEVOY (Katherine D. Watson, *on the brief*), Blank Rome LLP, New York, N.Y.

Appeal from the judgment of the United States District Court for the Southern District of

New York (Crotty, *J.*), entered December 23, 2015.

**UPON DUE CONSIDERATION WHEREOF** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Donna Martinez appeals from the district court's grant of summary judgment to Defendant-Appellee Mount Sinai Hospital on her claim that Mount Sinai failed to accommodate her eye condition in violation of the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107 *et seq.*, and the district court's denial of Martinez's cross-motion for summary judgment on her NYCHRL claim. Martinez has abandoned her New York State Human Rights Law claim on appeal, and now is exclusively pursuing her NYCHRL claim. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review grants of summary judgment *de novo*. *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 179 (2d Cir. 2013). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(a)). All ambiguities must be resolved, and all reasonable inferences drawn, in favor of the non-movant. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999).

The district court here properly granted summary judgment to Mount Sinai, and denied Martinez's motion for summary judgment, because the record demonstrates that, even assuming that a reasonable jury might conclude that Mount Sinai was aware of Martinez's eye condition, Mount Sinai offered, and Martinez accepted, a reasonable accommodation of this eye condition. During a December 2012 meeting, after Mount Sinai had issued Martinez several disciplinary

2

warnings for frequent tardiness (a violation of Mount Sinai's Human Resources Policy and employee Code of Conduct),[1] Martinez's supervisors offered to move the start of her shift by either a half hour or a full hour. The record suggests that such an accommodation was sufficient to eliminate the majority of Martinez's late arrivals because she was usually late by less than an hour, and often by just a half-hour or less. Rather than counter with an alternative accommodation or indicate that what Mount Sinai offered was insufficient, Martinez *accepted* one such accommodation, choosing to start her shift a half hour later. Therefore, even construing the NYCHRL liberally, *see* N.Y.C. Admin. Code § 8-130; *see also Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 75 (2d Cir. 2015), Mount Sinai engaged in the required "interactive process" with Martinez, *Jacobsen v. N.Y.C. Health & Hosps. Corp.*, 22 N.Y.3d 824, 838 (2014), and it ultimately offered her a reasonable accommodation—one that she accepted, no less—thereby entitling Mount Sinai to summary judgment. *Porter v. City of N.Y.*, 128 A.D.3d 448, 449 (1st Dep't 2015) ("Defendants established their entitlement to judgment as a matter of law by demonstrating that they engaged in a good faith interactive process through which they provided [the] plaintiff with a reasonable accommodation to address her vision and reading disabilities."); *cf. Noel v. BNY-Mellon Corp.*, 514 F. App'x 9, 10 (2d Cir. 2013) (summary order) (finding that the plaintiff could not recover on a failure to accommodate claim under, *inter alia*, the NYCHRL because she had "abandoned [the] interactive process").

The fact that Martinez now seeks an additional accommodation, namely forgiveness of her late arrival on June 24, 2013 and reinstatement, does not warrant a different result. Mount Sinai was only required to offer a reasonable accommodation, not the exact accommodation that

---

[1] Notably, Martinez did not grieve any of these disciplinary warnings, though she claims it was because she was unaware she could do so.

3

Martinez now demands. *Porter*, 128 A.D.3d at 449; *see also* 9 N.Y.C.R.R § 466.11(j)(6) ("The employer has the right to select which reasonable accommodation will be provided, so long as it is effective in meeting the need."). Here, despite being on notice as of the December 2012 meeting that any additional late arrivals risked suspension and termination, Martinez accepted one of Mount Sinai's proposed accommodations without objection. There is no evidence that Martinez indicated that the accommodation she chose was insufficient after she was suspended for arriving late on seven additional occasions in March and April 2013 and warned that any additional tardiness would result in her termination. It was only *after* Martinez was terminated that she sought forgiveness of the late arrival that triggered her termination, and even then she did not assert that the accommodation that Mount Sinai provided was inadequate, but rather only contended that she "called in [late] with [a] proper reason." App'x 46. Accordingly, even if the NYCHRL applies to post-termination grievance procedures—an issue we need not reach—Mount Sinai adequately fulfilled its obligations under the law here.

We have considered all of Martinez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4